IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANITY.COM, INC., | No. C 12-02912 SI |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND GRANTING TRANSFER OF VENUE TO THE DISTRICT OF ARIZONA** |
| v. | |
| VANITY SHOP OF GRAND FORKS, INC., | |
| Defendant. | |

On September 21, 2012, the Court heard argument on the motion by defendant Vanity Shop of Grand Forks, Inc. to dismiss plaintiff Vanity.com, Inc.'s first amended complaint for lack of personal jurisdiction, or in the alternative, to transfer venue to the District of Arizona. Having considered the arguments of counsel and the pleadings and papers on file, and for good cause shown, the Court DENIES the motion to dismiss for lack of personal jurisdiction and GRANTS the motion to transfer venue to the District of Arizona.

**BACKGROUND**

On June 5, 2012, plaintiff Vanity.com, Inc. ("Vanity.com") filed this suit against defendant Vanity Shop of Grand Forks, Inc. ("Vanity Shop") seeking declaratory judgment on the following issues: (1) that plaintiff did not infringe defendant's trademark; (2) that plaintiff did not engage in unfair competition; (3) that plaintiff did not violate the Anti-cybersquatting Consumer Protection Act; and (4) that plaintiff is the rightful holder of the "vanity.com" domain name. *See* First Amended Complaint ("FAC"). Plaintiff also claims reverse domain name hijacking per 15 U.S.C. § 1114(2)(D)(v), common law unfair competition, and unfair competition per Cal. Bus. & Prof. Code § 17200. *Id.*

In 1995, plaintiff Vanity.com registered the domain name "vanity.com" with GoDaddy.com, LLC ("GoDaddy.com"), Rodenbaugh Decl.[1] Ex. A. Plaintiff Vanity.com also owns a federal trademark registration for the vanity.com trademark, which it uses in connection with "on-line journals, namely blogs featuring cosmetic procedures and surgery related content," FAC ¶ 6, but apparently does not offer goods or services for sale on the site. Tease Decl. Ex. A. Vanity Shop is a privately owned specialty retailer of women's and girls' apparel, with retail stores and a website from which it advertises and sells apparel. Motschenbacher Decl. ¶ 2-3, 11. It registered "vanityshops.com" and "evanity.com" with GoDaddy.com in 1998 and 2004, respectively. Rodenbaugh Decl. Ex. A.

GoDaddy.com is a registrar with the Internet Corporation for Assigned Names and Numbers ("ICANN"). Tease Decl. Ex. B. All ICANN registrants must comply with the Uniform Domain Name Dispute Resolution Policy ("UDRP"), a private contract that outlines domain name dispute procedures. Rodenbaugh Decl. Ex. G. On May 10, 2012, Vanity Shop, the defendant here, filed a complaint with the National Arbitration Forum ("NAF") in accordance with UDRP paragraph 4(a), alleging misuse of the domain name by Vanity.com. *Id.* at Ex. F.[2] On June 5, 2012, before the NAF issued its decision, Vanity.com filed the instant complaint in this district, seeking *inter alia*, declaratory judgment on similar misuse claims. Compl. ¶ 31-48. On June 20, 2012, the NAF granted judgment for Vanity Shop and ordered the transfer of the vanity.com domain name to defendant. Tease Decl. Ex. B.

On July 3, 2012 Vanity.com filed another suit, this one in the District of Arizona, seeking declaratory relief, common law unfair competition, unfair competition under Cal. Bus. & Prof. Code § 17200, and injunctive relief under 15 U.S.C. § 1114(2)(D)(v). *See Vanity.com, Inc. v. Vanity Shop of Grand Forks, Inc.,* Case no. 2:12-cv-01446-JAT, (D. Ariz., July 3, 2012), Pl.'s Compl., ECF No. 1.[3]

---

[1] Defendant raises various evidentiary objections to Michael Rodenbaugh's declaration. Dkt. 25. The Court need not and does not rely on any of the disputed material in order to resolve the instant motion. Therefore, the Court makes no ruling on defendant's objections.

[2] The FAC ¶ 19, 36 states that defendant filed the NAF complaint on May 15, 2012. However, the NAF decision dates the filing of the complaint as May 10, 2012. Rodenbaugh Decl. Ex. F.

[3] Pursuant to Federal Rule of Evidence 201 and defendant's requests (Dkts. 10, 24), the Court hereby takes judicial notice of the proceeding filed in Arizona ("Arizona action").

2

On August 2, 2012, Vanity Shop filed a motion under Fed. R. Civ. P. 12(b)(2), seeking dismissal for lack of personal jurisdiction, or alternatively transfer of venue under 28 U.S.C. § 1404(a) to the District of Arizona. Notice of Def.'s Mot. to Dismiss ¶ 1-3. Vanity Shop argues that the Court lacks personal jurisdiction because Vanity Shop does not have, and never has had, any stores, physical facilities, employees, or bank accounts located in California, nor is it registered to do business there. *Id.*; Motschenbacher Decl. ¶ 4-9. Vanity Shop also argues alternatively that the case should be transferred to the District of Arizona because the parties consented to venue there, for convenience, and because of the pending Arizona action. Mot. to Dismiss at 3-4, 11-12.

## LEGAL STANDARD

### 1. Personal Jurisdiction

Personal jurisdiction over a non-resident defendant may exist if the defendant has either a continuous and systematic presence in the state (general jurisdiction), or minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice" (specific jurisdiction). *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Where there is no federal statute applicable to determine personal jurisdiction, a district court should apply the law of the state where the court sits. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California law requires only that the exercise of personal jurisdiction comply with federal due process requirements. *See id.* at 800-01.

"A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)). "This is known as general jurisdiction. The standard for establishing general jurisdiction is fairly high and requires that the defendant's contacts be of the sort that approximate physical presence." *Id.* (citations omitted). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.*

3

In order for a court to exert specific jurisdiction in accordance with due process, a nonresident defendant must have "'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe*, 326 U.S. at 315). The Ninth Circuit employs a three-part test to determine whether the defendant has such minimum contacts with a forum state. First, the "nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum," thereby invoking the benefits and protections of the forum state. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1998)). Second, the claim must "arise[] out of or result[] from the defendant's forum-related activities," and third, the exercise of personal jurisdiction over the defendant must be reasonable. *Pebble Beach Co.*, 453 F.3d at 1155. The plaintiff bears the burden of proving the first two conditions. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If the plaintiff carries this burden, "the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Schwarzenegger*, 374 F.3d at 802).

If a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Id.* at 1129 (citation omitted). Unless directly contravened, the plaintiff's version of the facts is taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Id.* (citation omitted); *see also Bancroft*, 223 F.3d at 1087.

**2.    Transfer of Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies

4

within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498–99 (9th Cir.2000). The Court has broad discretion to address these factors based on the particular facts of each case. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

**DISCUSSION**

**1.    PERSONAL JURISDICTION**

Although Vanity.com asserts that the Court can exercise general jurisdiction because of Vanity Shop's general business presence, the Court need not address general jurisdiction, which has an "exacting standard," because the Court finds that Vanity Shop's sales and advertising directed at California give rise to specific jurisdiction. *Schwarzenegger*, 374 F.3d at 801.

Vanity Shop's contacts with customers in California satisfies the "purposefully avails" standard articulated by the Ninth Circuit. *Cybersell,* 130 F.3d at 418. Vanity Shop admits that "total sales to customers in California have been approximately 0.02% of [our] total sales." Motschenbacher Decl. ¶ 11. Vanity Shop also admits that it "does not direct its online advertising at California any more than any other state." *Id.* Thus, Vanity Shop's sales and advertising constitute 1) intentional acts  2) expressly aimed at California through its online interactive website that allegedly 3) harmed Vanity.com in the form of economic loss from having its domain name misused in California. While these sales may be small, it cannot be said that they are not purposefully directed at California.

Vanity Shop argues that merely selling to California customers via its website is insufficient to confer personal jurisdiction. The Court disagrees. Vanity Shop's website is not merely a passive website, it is interactive, allowing shoppers to purchase items online. Motschenbacher Decl. ¶ 11; *see*

*Brayton Purcell LLP*, 606 F.3d at 1129. Websites with online advertising are interactive so long as they have "something more," such as conducting commercial activity over the internet with forum residents, encouraging residents of the forum state to access the website, or earning income from residents in the forum state. *Cybersell, Inc. v. Cybersell, Inc*., 130 F.3d 414, 419 (9th Cir. 1997). In short, interactive websites require a "sliding scale analysis," *Boschetto*, 539 F.3d at 1018, where "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Cybersell, Inc*., 130 F.3d at 419. Here, Vanity Shop set out to engage with California customers through its website, where it sells goods and services, advertises, and presumably ships those goods to California customers and provides customer support and other services necessary to completing online transactions. Motschenbacher Decl. ¶ 9-11. Given the nature and quality of these contacts, Vanity Shop has purposely availed itself of personal jurisdiction in California.

The Court also finds that Vanity.com's claims arise out of defendant's forum-related activities because Vanity Shop's dealings with California customers enable it to profit from its alleged domain name misuse. Lastly, because Vanity Shop has purposefully injected itself in the stream of commerce in California, exercise of specific jurisdiction comports with fair play and substantial justice. *CollegeSource, Inc.,* 653 F.3d at 1079.

**2.   TRANSFER OF VENUE**

District courts have discretion in granting transfer. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). In this case, plaintiff apparently filed an unauthorized suit in this Court, presumably to avail itself of the "first-to-file rule," before filing the appropriate lawsuit in the District of Arizona. As such, the Court finds that transfer to the District of Arizona is appropriate.

**A.   The parties consent to venue in Arizona.**

According to the UDRP, the private contract that governs ICANN-registered domain name disputes, either party can unilaterally file a complaint with an ICANN-approved administrative dispute resolution provider. Rodenbaugh Decl. Ex. H. The moving party chooses the proper venue, which is

either the location of the registrar or the respondent's location, and is determined by the complainant at the time it files the UDRP complaint. *Id.* Within 10 days of a decision in this UDRP-required dispute proceeding, the respondent may pursue legal action in the venue chosen by the complainant. *Id.*

Here, Vanity Shop lodged its complaint online with the NAF, which the NAF resolved remotely. Tease Decl. ¶ 3, 5, Ex. B. Vanity Shop selected Arizona, GoDaddy.com's location, as its chosen venue when it filed the UDRP complaint, and thus, both parties have consented to venue in Arizona. Tease Decl. ¶ 4, Ex. A. Moreover, Vanity.com filed a complaint seeking declaratory judgment in the Northern District of California *during* the administrative proceeding, then subsequently filed a complaint with identical claims in the District of Arizona following the NAF decision. *See* Case no. 2:12-cv-01446-JAT (D. Ariz., July 3, 2012), ECF No. 1. However, Vanity.com does not challenge the validity of underlying agreement, the UDRP, which allowed Vanity Shop to choose Arizona. Therefore, venue is proper is Arizona because that is the location to which the parties agreed.

### B. The "first to file" rule.

The "first-to-file rule," also known as the federal comity doctrine, is a discretionary doctrine that allows a federal court to decline judgment on an issue that is already properly before another district. *Church of Scientology of California v. U.S. Dept. of Army*, 611 F.2d 738, 749 (9th Cir. 1979). The purpose of the federal comity doctrine is twofold: 1) to further judicial efficiency by consolidating identical claims in one forum, and 2) "to avoid the embarrassment of conflicting judgments." *Id.* at 750. Ordinarily, the first-to-file rule would counsel against transfer to Arizona because plaintiffs filed in this Court first. However, a look into the course of this litigation and the Arizona action demonstrates that plaintiffs are not entitled to benefit from such discretion. In particular, Vanity.com moved to stay the Arizona action "until an identical, prior-filed action in the Northern District of California is resolved." Case no. 2:12-cv-01446-JAT (D. Ariz., Aug. 15, 2012), Pl.'s Mot. to Stay, 1:22-24, ECF No. 18. In that motion for stay, Vanity.com states "[a]pplying the comity doctrine, also known as the "first to file" rule, this Court should grant Plaintiff's Motion for Stay." *Id.* at 4:11-12. However, it was Vanity.com's choice to file a lawsuit in this Court *before* the NAF had a chance to issue a decision. Vanity.com cannot benefit from this Court's discretion where it chose to file a lawsuit here first, instead of waiting

for a NAF decision, and challenging that decision in the contractually chosen forum.

### C. Additional Factors.

Several additional factors weigh in favor of transfer to the District of Arizona. First, venue in Arizona is likely more convenient for the witnesses, in light of Vanity Shop's license to conduct business in Arizona and employee and agent for service of process there. Motschenbacher Decl. ¶ 9-11. Vanity Shop asserts that a "substantial amount of evidence will already be in Arizona" as a result of the UDRP proceedings. Mot. to Dismiss at 12. Also, GoDaddy.com, the registrar for the disputed domain names, is located in Arizona. Rodenbaugh Decl. Ex. F.

Given Vanity.com's consent to Arizona, the similar pending Arizona action, and in light of these additional factors, the Court holds that venue in the District of Arizona is appropriate.

### CONCLUSION

For the foregoing reasons the Court hereby DENIES defendant's motion to dismiss for lack of personal jurisdiction, and GRANTS defendant's motion to transfer venue.

**IT IS SO ORDERED.**

Dated: October 4, 2012

SUSAN ILLSTON
United States District Judge